UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DEVANTAE AGUIRRIE, individually, and on behalf of other members of the general public similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>OAK HARBOR FREIGHT LINES, INC., a Washington corporation; and DOES 1 through 100, inclusive,<br><br>        Defendants. | No. 2:23-cv-00516 WBS DB<br><br>MEMORANDUM AND ORDER RE: PLAINTIFF'S MOTION TO REMAND |

----oo0oo----

Plaintiff Devantae Aguirrie initiated this putative labor class action against defendant Oak Harbor Freight Lines, Inc. (See Compl. (Docket No. 1-2).)  Defendant removed the action to this court from the San Joaquin County Superior Court. (Docket No. 1.)  Plaintiff now moves to remand, arguing that defendant has failed to establish the requirements for jurisdiction under the Class Action Fairness Act, 28 U.S.C. §

1

1332(d).  (Docket No. 7.)

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . where such action is pending."  28 U.S.C. § 1441(a).  If "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

The Class Action Fairness Act ("CAFA") "gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs."  Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1195 (9th Cir. 2015) (citing 28 U.S.C. § 1332(d)(2)).  "[A]lthough a presumption against federal jurisdiction exists in the usual diversity case, 'no antiremoval presumption attends cases invoking CAFA.'"  Greene v. Harley-Davidson, Inc., 965 F.3d 767, 772 (9th Cir. 2020) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014)).  Plaintiff argues that defendant has failed to satisfy the class size and amount in controversy requirements.  The diversity of citizenship element is uncontested.

In assessing whether jurisdictional requirements are satisfied, "[courts] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy."  See Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 416 (9th Cir. 2018).

The Ninth Circuit has identified two categories of challenges to removal. In a "factual" attack, the plaintiff contests "the truth of the defendant's jurisdictional allegations." Harris v. KM Indus., Inc., 980 F.3d 694, 700 (9th Cir. 2020). In response to a factual attack, the removing defendant must establish, by a preponderance of the evidence, that the jurisdictional requirements are satisfied. See id. at 699; Arias v. Residence Inn by Marriott, 936 F.3d 920, 925 (9th Cir. 2019) (citing Dart, 574 U.S. at 88). A "facial" attack, by contrast, "'challenges the form, not the substance, of [the defendant's] showing.'" Harris, 980 F.3d at 699–700 (quoting Salter v. Quality Carriers, Inc., 974 F.3d 959, 961 (9th Cir. 2020)) (alteration in original). In response to a facial attack, the removing defendant is only required to "'include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" Salter, 974 F.3d at 965 (quoting Dart, 574 U.S. at 89).

Here, plaintiff argues that the evidence relied upon by defendant -- the declaration of an Oak Harbor employee -- is alone not sufficient to establish the class size and amount in controversy requirements. Plaintiff does not appear to contest the veracity of any of the content of the declaration, nor does he appear to object to any of the assumptions made by defendant in calculating the amount in controversy. Plaintiff does not even include a bare allegation that there are factually fewer than 100 class members or that the amount in controversy is less than $5 million.

Plaintiff's argument clearly appears to constitute a

facial, rather than factual, attack.  See Harris, 980 F.3d at 699-700.  Accordingly, defendant need only provide a "plausible allegation" that the jurisdictional requirements are satisfied. See Salter, 974 F.3d at 965.  Defendant has plausibly alleged that the class size is greater than 100 and the amount in controversy exceeds $5 million, supported by reasonable calculations and the declaration of an experienced employee. (See Notice of Removal (Docket No. 1) at 5-9; Mot. at 8-20; Decl. of Jackie Knox ("Knox Decl.") (Docket No. 9-1)).  Defendant has therefore satisfied its burden.  See Arias, 936 F.3d at 927 ("Where a removing defendant has shown potential recovery 'could exceed $5 million and the [p]laintiff has neither acknowledged nor sought to establish that the class recovery is potentially any less, the defendant 'has borne its burden to show the amount in controversy exceeds $5 million.'") (quoting Lewis, 627 F.3d at 401).

Even if plaintiff had mounted a factual attack, defendant has provided sufficient evidence and reasoning to establish by a preponderance of the evidence that the jurisdictional requirements are satisfied.  Defendant has submitted a declaration by Jackie Knox, an Oak Harbor employee who held the position of Human Resources Manager from August 2014 through January 2020; the position of Director of Human Resources from January 2020 through March 2023; and the position of Vice President of Administration from March 2023 to the present.  (See Knox Decl. ¶ 2.)  Ms. Knox's declaration provides information

4

concerning the putative class size,[1] as well as the putative class's total number of workweeks, average number of days worked per week, average hourly wage, and the number of putative class members who became former employees during the putative class period. (Id. ¶¶ 6-7.)

Based on Ms. Knox's years of experience with human resources and administrative matters at Oak Harbor and her review of records maintained in the ordinary course of business (see id. ¶¶ 2-6), she is well-qualified to opine on these matters. Accordingly, the Knox declaration provides adequate evidentiary foundation for defendant's jurisdictional conclusions. See Avila v. Rue21, Inc., 432 F. Supp. 3d 1175, 1186-87 (E.D. Cal. 2020) (O'Neill, J.) (a declaration concerning the amount in controversy alone is not per se insufficient, but rather, the sufficiency of the declaration depends on the knowledge of the declarant and the nature of the allegations in the complaint); Andrade v. Beacon Sales Acquisition, Inc., No. 19-cv-06963 CJC RAO, 2019 WL 4855997, at *4 (C.D. Cal. Oct. 1, 2019) ("a declaration from a knowledgeable employee based on her analysis of regularly kept and created business records" was sufficient evidence to establish amount in controversy in putative wage and hour class action); Muniz v. Pilot Travel Centers LLC, No. 07-cv-0325 FCD EFB, 2007 WL 1302504, at *5 (E.D. Cal. May 1, 2007) ("There is no obligation by defendant to support removal with production of

---

[1] The putative class period runs from January 19, 2019 to final judgment. (See Compl. ¶ 13.) Ms. Knox's declaration includes individuals employed between January 19, 2019 and January 19, 2023, the date the action was filed. (See Knox Decl. ¶ 6.)

extensive business records to prove or disprove liability and/or damages with respect to plaintiff or the putative class members at this premature (pre-certification) stage of the litigation.")

In calculating the amount in controversy, defendant assumed a violation rate of 20%. Given that plaintiff alleges "a pattern and practice of wage abuse" (see Compl. ¶ 25), this underlying assumption is reasonable. See Salter, 974 F.3d at 963 ("'when a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions'") (quoting Arias, 936 F.3d at 920); Cruz v. Mohawk Indus., No. 1:20-cv-01510 JLT EPG, 2022 WL 93338, at *5 (E.D. Cal. Jan. 9, 2022) (in calculating the amount in controversy in putative wage and hour class actions, "[d]istrict courts have found . . . that violation rates of 25% to 60% can be reasonably assumed as a matter of law based on 'pattern and practice' or 'policy and practice' allegation[s]") (quoting Avila, 432 F. Supp. 3d at 1189 (collecting cases)). Notably, plaintiff did not raise any objection to the assumptions or methodology employed by defendant in calculating the amount in controversy.

With a putative class size of 1,365 individuals (see Knox. Decl. ¶ 6) -- well over the minimum class size of 100 individuals -- the assumed 20% violation rate results in a total of $6,218,208 in damages for the minimum wage, liquidated damages, meal period, rest period, waiting time, and overtime claims. (See Mot. at 11-20.) The damages associated with these claims exceed the $5 million amount in controversy threshold. Accordingly, the court concludes that the jurisdictional

6

requirements of CAFA are satisfied.

   IT IS THEREFORE ORDERED that plaintiff's motion to remand (Docket No. 7) be, and the same hereby is, DENIED.

Dated: July 11, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE